Case number 17-3023, United States of America v. Bryan W. Talbott, Appellant. Mr. Sample for the Appellant, Mr. Wynn for the Appellant. Mr. Sample, good morning. Good morning, Your Honors. May it please the Court, Brandon Sample for Appellant, Bryan Talbott. With the Court's permission, I'd like to reserve two minutes for rebuttal. I want to focus my argument today on one of the two issues presented in this appeal, namely whether this Court should vacate and remand Talbott's claim of statutory ineffective assistance of counsel by Section 2255 CJA counsel to the District Court for further consideration. I recognize that a COA is required before the Court may issue a merits determination on this issue. However, I believe the minimal requirements for the issuance of a COA on this issue has been met and that the Court should expand the COA that was previously granted by the District Court. The government does not seriously contest that the Criminal Justice Act does not guarantee a statutory right to effective assistance of counsel. Rather, the government asserts that Talbott's claims of statutory ineffective assistance by CJA counsel should first be raised by a motion under Rule 60 and that, substantively, the claims are meritless. But Talbott should not be forced to present those claims in a Rule 60 motion. As we argue, this Court has longstanding, in the context of a direct appeal, allowed claims of ineffective assistance of counsel to be considered in the first instance on direct appeal if those claims are colorable. We haven't done that yet in 2255, correct? That's correct, Your Honor. We haven't rejected it either. That's correct, Your Honor. And the other alternative would be to file another 2255. Which would probably present an issue. Right. Yes, Your Honor. Although maybe not, because if you file a new 2255, although I haven't explored this, alleging ineffective assistance in the first 2255, if there is such a substantive claim, then that would be a good use of a second 2255, I suppose. Possibly. I mean, it's very complex whether or not it would be a, quote-unquote, second or successive 2255 within that term of art, as the Court has interpreted it. Yes, so it could be a problem. So your point is do the remand. Do the remand. Allow the district court to consider the claim in the first instance. And the defendant shouldn't be penalized by requiring to use a Rule 60 motion, which is going to be reviewed under a lesser standard. So what is the ineffective assistance at the 2255? The issue there is that the defendant who initially filed the motion himself pro se, raised in ground four of his motion a claim that his sentencing attorneys were ineffective or failing to object to a breach of the plea agreement by the government. The government in this case, as part of the plea agreement, agreed that it would not make any motion for a guideline departure in the case. Now, there was allegation by the defendant that he had engaged in new criminal conduct while he was on release. And the government argued, before the sentencing and that sentencing, that the district court should impose an upper departure. So he raised that, and they then, at this 2255, the lawyers said, we're not really raising that. Well, he said initially that in the letter to the district court that he had reviewed all the filings and he had made a determination that I'm going to proceed with the pro se submission. Now, the odd thing about that is that the time until this appeal was undertaken is that page 25 of the pro se 2255 motion was actually docketed with the clerk but not imageable on PACER. I actually had to file a motion with the district court to correct the record with respect to that, and the district court granted that motion. And so the clerk inserted page 25 into the image on PACER. So there's really no way for 2255 counsel to have made any kind of assessment about whether or not this is a claim that should or should not have been withdrawn. But when the evidence hearing in the case began, 2255 counsel advised the district court that he had decided not to proceed on ground four and instead focused on the other issue that is also raised in this appeal which is not being addressed today, the argument concerning the original plea counsel's advice and whether or not the defendant was prejudiced as a result of the advice that resulted in his guilty plea. Didn't Judge Wilkins deny the motion to depart? Judge Wilkins did deny the motion. Okay, so where's the prejudice? Why are we even considering that ground? Well, we're considering that ground because in the context of a breach of the plea agreement, it's our position that it doesn't matter that the judge ultimately denied that motion for departure because you have the issues attendant with the defendant having an expectation that the government is going to adhere to its obligations in the plea agreement and perform consistently therewith. And so the fact that the court ultimately may have denied that motion in our position is irrelevant. In fact, there are cases, which we discuss in our brief, that suggest when a court does not even consider a breach or maybe there was even a recent case from this court that I believe that was decided last week, although the context is very different, that if they're not even aware of the facts that may constitute the breach, that that could still ultimately form a cognizable claim for a breach of the plea agreement. So the fact that the district judge at Tennessee ultimately did not grant a guideline based on her departure doesn't mean that it wasn't the defendant's reasonable understanding at the time of when he entered into the plea agreement that the government was going to adhere. How did it hurt him? I mean, unless you're arguing that Judge Wilkins wouldn't have done it unless he first heard the government want to change its mind and say, well, I'm not going to grant that motion because of the plea agreement, but I'm going to grant a variance. He never said anything like that. He set out very specifically why he independently was going to up the sentence. That is correct, Your Honor, but we don't know how the government's forceful advocacy for the guideline upward departure may have played into Judge Wilkins' calculus overall in deciding whether or not to grant that variance because in many ways the way the government presented that issue is they presented it as being one and the same, that the departure and the request for a variance were the same, although the Supreme Court's Irizarry case recognized that there's an analytical distinction between a departure, which arises under the guidelines, versus a variance, which arises under 3553. And what should the sentencing counsel have done that was not done? They should have objected. They should have objected to the government's pre-sentencing request for a guideline upward departure, and when they renewed their request for the sentencing, they should have objected as well. But the facts, to pick up on Judge Henderson's point, maybe I'm not understanding, the facts still would have come in. Ultimately. Ultimately, yes. The facts inform the variance, but that's not affected. I'm having trouble, like Judge Henderson was, I guess, in her questions. I would merely point the Court back to its own decision in Wolfe, where it talks about the definitive narrative had agreed that the government would recommend acceptance of responsibility. Ultimately, they didn't do that. It's not analogous in the situation where the judge just went ahead and granted acceptance of responsibility, but the Court's statement in there about the definitive bargain for a sentencing proceeding in which a trial judge would consider the government's recommendation for a downward adjustment, in conjunction with all other factors of the case, not a proceeding in which all other factors are foreclosed against him before consideration of the government's recommendation. So we don't really know. We don't know, ultimately, whether or not this would have affected. Can I ask you about the other issue real quick? As we sit here today, does your client want to withdraw the plea? He does, Your Honor. With that, I'd like to reserve my limited time. All right. Mr. Nguyen? Good morning. Good morning, Your Honors. May it please the Court, Eric Winford, United States. Having failed to persuade the district court to grant relief, appellant now presses arguments he either waived or hasn't presented to the district court to try to undo his plea agreement. Those claims fail not only for procedural reasons but also on their merits. Appellant started with his claim about 2255 counsel. I think there are important reasons not to extend this Court's rule in Muhammad about remanding ineffective assistance claims raised for the first time under direct appeal to the 2255 setting. Can I ask a question about the premise? Do you agree that ineffective assistance at a 2255 proceeding is itself a cognizable claim? Your Honor, I don't think that's the kind of claim that appellant could get a certificate of appealability on. To get a certificate of appealability. I'm not asking in this case. As a general matter, is ineffective assistance in a 2255 proceeding state aid claim for which relief may be granted? I don't think, and I'm sorry if I'm misunderstanding the question. It wouldn't be a constitutional claim. It would be a statutory claim. Correct. Do you accept that it's a statutory claim? Or is there no such thing? I guess what I'm asking is the government agree that there's such a thing as ineffective assistance at a 2255? I don't think that's clear, Your Honor. And the reason is that it's not clear that appellant has a statutory right to counsel at the 2255 proceeding at all. We have some cases in, I think, footnote 9 of our brief saying that in a 2255 proceeding as opposed to trial. You haven't argued that here. So I think we're assuming that there is such a thing. Yeah, and as we've said in our brief, assuming that there's a, that appellant has a 22, had a right to, statutory right to 2255 counsel, his claim would still fail because he hasn't made a substantial showing of a denial of a constitutional right to get a COA, and it's also clear from the record that the claim is meriless. The plea agreement that appellant signed in this case, it's on page 50, the relevant page is 51 of the appendix, makes clear that although the government generally agreed not to seek an upward departure, it would be free from its obligations under the agreement if appellant committed further crimes in between his plea and sentencing. And there's no dispute in this case that appellant did commit crimes, tried to open up bank accounts with a fake Social Security number, tried to cash worthless checks, engaged in other kinds of financial fraud that freed the government from its obligation not to seek an upward departure. So there's no breach of the plea agreement at all. And I think as some of Your Honor's questions suggested, even if you were able to show a breach, it's not at all clear from the record that there's any prejudice to appellant. The district court denied an upward departure, and the sentencing transcript makes pretty clear that the court was concerned about, you know, would have reached the same result in any case given its concern about the crimes that appellant had committed while, while on release. What about the other argument that he says he would have? You raised an argument in the 2255 that he would have not pled. I think it's important to understand the history of how this claim unfolded. Appellant did make that assertion in his initial pleading, as his counsel said in his argument. But by the time he got to the 2255 proceeding, appellant's counsel made very clear that he was proceeding on one theory of prejudice. Okay. Why, why isn't that an effective assistance of the 2255? I think there was a good strategic reason that counsel could have had for making that choice. It's the same choice that. Namely, what is that? I don't see that. This is something that, Your Honor, the defendant, this court recognized that a defendant did in the case United States versus Eli, which we cite in our brief. And this is the theory. The theory is that by focusing on the sentence he received and arguing that the sentence was too high, as opposed to the plea agreement being problematic, appellant avoided a potentially very bad outcome in the case, which is actually undoing the plea, having to go to trial on a claim that all the lawyers involved.  But they say that he would withdraw the plea if he could, as we sit here today. And that's been his, that's clearly his position in the 2255. Well, that was his original position in the 2255. Appellant's counsel. I don't see it waived at the hearing, by the way, but that's a separate issue. Well, at the hearing, and this is on page 116 and 119 of the government's appendix, the district court specifically asked, what happens if I don't find that his sentence was. This is in the context of talking about the other claim, so I understand your point there. And, Your Honor, I would say even on appeal, it's not clear to me that what. Back to your point about the strategic. Why is it not, why is it strategic in a 2255 not to just throw everything against the wall? So, yeah, we would like to withdraw the plea, ineffective assistance there, and the other arguments. Why would you pick and choose in the way you suggested if you're trying to get relief? Especially since he does spell it out in the pro se submission, which is very thorough, as you're aware, that he would have not pled guilty had he received effective assistance. And the district court, by the way, says that, yeah, he had lousy counsel when he made the plea. I think at that time, the calculation that appellant could have made was, I'm willing to make a lot of different arguments about trying to get a lower sentence, and I don't want to risk giving up the benefits that the government has agreed to, you know, has given me in the plea agreement. He would risk at that point, and he may have changed his mind between then and now, but at that time. But I think what he's saying now is, well, my lawyer was going rogue when he did this at the 2255. Well, I think we start with the presumption under cases like Strickland that counsel acted strategically and in the exercise of regional professional judgment. We know from the record that appellant's counsel spoke to all of the previous lawyers involved in the case, reviewed all the documents in the case, and spoke to appellant at the 2255. Suppose he had raised, he had sufficiently preserved the claim of, I would have withdrawn the plea had I received effective assistance during the plea negotiations. Well, the other problem is. Well, suppose that had been preserved. What would we properly do with that at this point? Well, I think from the record in front of the court, appellant would also be unable to make out, you know, a meritorious claim, even if he had preserved it. Why? The district court said, yeah, you got lousy counsel in the plea. The guy showed up for three minutes, four minutes, didn't really know what was going on. Well, I would say just as an initial matter, at sentencing, you know, appellant did sign a lengthy agreement that he, you know, he said he would review whether a plea colloquy. And even on appeal, it's not clear, Your Honor, that what appellant is saying is that he would have gone to trial on the superseding information to which he pleaded guilty. His claim on appeal seems to be, I would have agreed to go to trial on the initial indictment filed in the case, and I would have done that. What he's saying is, had I received half-decent counsel, I would never have pled guilty to the information which added up a few jacked-up charges that were not in the initial indictment. Isn't that what he's saying? Yes, that's what he's saying. And the district court then says, you're right, you've got lousy counsel. The burden, Your Honor, would still be on appellant to make out a claim of prejudice. The prejudice is, under Supreme Court case law, I would not have pled guilty. That suffices, correct? If he had provided evidence of that, yes. Well, his evidence is his own testimony, and so the question is credibility, if you believe that. And I would go back, Your Honor, and say the district court didn't address that, didn't adjudicate that, and there's an important reason for that, and that's because it understood appellant to not have pressed that argument. Even though it's raised in the 2255 to have waived that at the hearing, which may itself be further ineffective assistance of the 2255, I realize this is kind of a hall of mirrors here. Well, I think it would be one thing if appellant had now pressed in this court that 2255 counsel was ineffective for that reason. But appellant doesn't seriously challenge in his brief that his counsel did actually waive that theory of prejudice at the 2255 hearing. And I think that waiver matters. Parties all the time raise arguments, press arguments, and they come back to court and say, I don't want the court to consider that claim, I'm withdrawing it. And I think the district court wanted to be clear that it understood what theory of prejudice appellant was pressing. I'm just concerned that the whole time he seems to be saying, and I got him a half-decent lawyer, I wouldn't have pled guilty. And that states a cognizable claim under Supreme Court case law. And maybe it's dumb to withdraw the plea, but he seems to have articulated that pretty consistently throughout, and we're never going to consider that under your theory. Well, I think the record is consistent with his counsel having, again, having reviewed the documents and talked to him, made a strategic choice that at that time it didn't make sense to press the theory of prejudice that he's now pressing now. And I think that waiver matters. And for that reason, we would ask that the court affirm. All right. If there are no further questions. Thank you. Does Mr. Sample have any? Pardon? One minute. Okay. Why don't you take two? I would simply like to add just briefly to the procedural question that opposing counsel raised about the COA and whether or not the court can get to that statutory issue because it doesn't involve a constitutional claim. We discussed this in our filings. And the Supreme Court has held in another context that a COA can issue on a non-constitutional procedural matter, provided that the underlying issue itself is of constitutional dimension. And so the way we have essentially strung this together is that while a claim of statutory ineffective assistance of counsel is not of constitutional dimension, provided the underlying claim that is being asserted that 2255 counsel should have raised is of constitutional dimension, then you can issue a COA just as you would be able to do in a procedural context. Any case that says that? No. This would be an issue of first impression. Any case that rejects that? None that I'm aware of, Your Honor. And for all the other reasons we've already adduced in the briefing, simply ask the court to remand. If the court has no further questions. I have one. Did you come all the way down from Rutland, Vermont? Actually, Your Honor, I came from San Francisco. I was giving argument yesterday morning before the Ninth Circuit and flew directly here to give argument. I'm ready for Christmas. On the red-eye? Not on the red-eye. I had 1 o'clock, so I got in at about 10 o'clock last night and got some rest. All right. Well, safe travel.
judges: Henderson, Tatel, Kavanaugh